1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

| | |
|---|---|
| 11 DEERPOINT GROUP, INC., an Illinois<br>12 corporation, | Case No. 1:23-cv-01340-JLT-BAM |
| 13            Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 14      v. | |
| 15 GAR BENNETT LLC, a Delaware limited<br>16 liability company, | |
| 17            Defendant. | |
| 18 AND RELATED COUNTERCLAIMS. | |

19

20

21

22

23

24

25

26

27

28

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff DEERPOINT GROUP, INC. ("Plaintiff" or "Deerpoint") and Defendant GAR BENNETT LLC ("Defendant" or "GAR"), through counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this action.

### GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(c)

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  It is the intent of the Parties and the Court that information will not be designated as confidential for tactical reasons in this case, and that nothing will be so designated without a good faith belief that there is good cause as to why information should not be part of the public record.

**Statement Under L.R. 141.1(c)(1):**  Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

a)      Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

b)      The names of a party's vendors, distributors, or customers (or other information tending to reveal their identities);

c)      Agreements with third-parties;

d)      Research and development information;

e)      Proprietary chemical formulations, mechanical, engineering, or other technical information, including product design, manufacturing techniques, processing information, drawings, memoranda, and reports;

f)      Information related to budgets, sales, profits, costs, margins, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

g)      Information showing the price or other information related to the terms of sale or purchase of products and materials relevant to this case;

h)      Information related to internal operations, including personnel information;

i)      Information related to past, current, and future product development;

j)      Information related to past, current, and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and,

k)      Trade secrets (as defined by the jurisdiction in which the information is located).

**Statement Under L.R. 141.1(c)(2):**  Generally speaking, information and documents shall only be designated under this protective order because the Designating Party believes the information or documents are proprietary, confidential, and/or trade secret information that the Designating Party would not release publicly.  Unrestricted or unprotected disclosure of such confidential, technical, commercial, trade secret, or personal information would result in prejudice or harm to the Producing Party by revealing the Producing Party's competitive confidential information.  Such information will have been developed at the expense of the Producing Party and represent valuable tangible and intangible assets of that party.  Additionally, privacy interests must be safeguarded.  Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

**Statement Under L.R. 141.1(c)(3):**  The Parties submit that protecting the confidential nature of information in this way will be most efficient for the Parties and the Court.  That is because the liability issues in this patent infringement and trade secret case will involve the mutual exchange of documents and other information that each Party may consider to be its proprietary, confidential, and trade secret information.  Remedies issues in this case are likely to involve the mutual exchange of business-sensitive financial, pricing, and related information.  The Parties have met and conferred on this issue and agree that any private agreement between the parties to safeguard this information will only need to be replicated through orders of this Court at the time of filing dispositive or non-

STIPULATED PROTECTIVE ORDER

1 dispositive motions.

2

3 **PROTECTIVE ORDER**

4     1.     DEFINITIONS.

5          The term "Attorneys' Eyes Only" shall mean and include those CONFIDENTIAL

6 documents, answers to interrogatories, responses to requests for admission, depositions, affidavits,

7 expert reports, legal briefs or memoranda, and portions of such materials, and information derived

8 therefrom which the Designating Party in good faith believes is highly confidential such that, if

9 disclosed to the Receiving Party, might cause competitive harm to the Designating Party.

10 Information and material that may be subject to this protection includes, but is not limited to,

11 financial statements, proprietary technical and/or research and development data, documents related

12 to intellectual property in development or which is the subject of a non-public application, financial,

13 marketing and other sales data (such as actual or prospective customer lists, actual or prospective

14 vendor lists, purchase prices, and sales pricing), trade secrets, scientific and/or technical

15 information, proprietary items or information, and/or information having strategic commercial value

16 pertaining to the Designating Party's trade or business. Additionally, relevant documents related to

17 an individual's employment or employment related disclosures shall be made pursuant to a

18 "Attorneys' Eyes Only" designation to protect the privacy of these individuals.

19          The term "Challenging Party" shall mean a Party or Non-Party that challenges the

20 designation of information or items under this Order.

21          The term "Confidential" shall mean information (regardless of how it is generated,

22 stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil

23 Procedure 26(c).

24          The term "Counsel" shall mean the attorneys of record for any party in this action,

25 their associates and their staff. If any party seeks to add counsel of record or substitute counsel of

26 record, then no "Confidential" or "Attorneys' Eyes Only" Documents and information shall be

27 discussed to such additional or substitute counsel until they have agreed to this stipulation by

28 executing the attached Exhibit A.

1    The term "Designated In-House Counsel" shall have the meaning ascribed to it in
2    Paragraph 7.

3    The term "Designating Party" shall mean a Party or Non-Party that designates
4    information or items that it produces in disclosures or in responses to discovery as "Confidential"
5    or "Attorneys' Eyes Only."

6    The term "Documents" shall have the same meaning as the terms "documents and
7    electronically stored information" as used in Rule 34 of the Federal Rules of Civil Procedure.

8    The term "Expert" shall mean a person with specialized knowledge or experience in
9    a matter pertinent to this litigation who has been retained by a Party to serve as an expert witness or
10   as a consultant in this litigation and who, at the time of retention, is not anticipated to become an
11   officer, director, or employee of a Party.  Nothing in this Protective Order purports to alter in any
12   way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert"
13   for purposes other than those addressed in this Protective Order.

14   The term "Non-Party" shall mean any natural person, partnership, corporation,
15   association, or other legal entity not named as a Party to this action.

16   The term "Party" shall mean any party to this action, including all of its officers,
17   directors, and employees.

18   The term "Producing Party" shall mean a Party or Non-Party that produces
19   information or other discovery material in this action.

20   The term "Professional Vendors" shall mean persons or entities that provide
21   litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or
22   demonstrations, and organizing, storing, or retrieving data in any form or medium) and their
23   employees and subcontractors.

24   The term "Protected Material" shall mean any information or other discovery
25   material that is designated as "Confidential" or "Attorneys' Eyes Only."

26   The term "Receiving Party" shall mean a Party that receives information or other
27   discovery material from a Producing Party.

28   2.    <u>DESIGNATING PROTECTED MATERIAL</u>.

A.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designations.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that warrant protection under Rule 26(c) of the Federal Rules of Civil Procedure so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.   Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

B.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, discovery material and information that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced.  The Designating Party must use reasonable efforts to ensure that the applicable legend appears on each page of each file produced, as permitted by the particular format of a given Document.

C.   <u>Materials Subject to Designation</u>.  Each party to this litigation may designate any Document, thing, interrogatory answer, admission, deposition testimony, and portions of such materials, or other information which it has provided or which a third-party has provided as "Confidential" and/or "Attorneys' Eyes Only" in accordance with this Protective Order.  The party designating such information as "Confidential" or "Attorneys' Eyes Only" shall be known as the "Designating Party" and the designation shall be set out thereon.  In designating Documents or information as "Confidential," the Designating Party's counsel shall make a good faith determination, before applying the designation, that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Before designating Documents or information as

"Attorneys' Eyes Only" the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure, and also warrants protection from disclosure to the party receiving the Documents or information due to a risk of competitive harm.

        D.    <u>Designating Originals or Tangible Items</u>.  In the event the Producing Party elects to produce original Documents and things for inspection rather than produce copies of Documents, no marking need be made by the Producing Party in advance of the initial inspection. Thereafter, upon selection of specified Documents for copying by the inspecting party, the Producing Party shall mark the copies of such Documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.  Said marking shall not delay the production of the copies.  Information obtained by counsel from initial review of Documents, whether in written form or not, shall be maintained as "Confidential" unless such information is produced without a designation of confidentiality, or as otherwise designated by the Producing Party.

        E.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

        F.    <u>Production by Non-Parties</u>.  Documents produced by Non-Parties shall be provisionally designated as "Attorneys' Eyes Only" for a period of 14 days from the date of production, during which period any Party may designate any portion of the production as "Confidential" or "Attorneys' Eyes Only."

    3.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

        A.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        B.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within five (5) days of the date of service of notice or as soon as practicable thereafter.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

            C.    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute.  Any motion seeking relief from the Court must comply with Local Rule 251, including the Joint Statement requirement, and Hon. Magistrate Judge McAuliffe's Standing Order ¶ 5.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion, including the required declaration within seven (7) days following the meet and confer shall waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

            The burden of persuasion in any such challenge proceeding shall be on the

STIPULATED PROTECTIVE ORDER

Designating Party.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

Nothing in this Paragraph 3(C) shall prevent the parties from jointly stipulating to the Informal Telephonic Conference procedure set forth in Hon. Magistrate Judge McAuliffe's Standing Order ¶ 6.

4.    ACCESS TO "CONFIDENTIAL" MATERIALS.

All information designated as "Confidential" shall not be disclosed to anyone other than the parties, Counsel, Designated In-House Counsel, the Court and its personnel, court reporters and/or videographers in the course of covering depositions, as well as any experts, consultants, and Professional Vendors retained by any Party or its Counsel.  All persons other than Counsel, the Parties, Designated In-House Counsel, the Court, and the Court's personnel in the instant action to whom "Confidential" information is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms.

"Confidential" information subject to this Protective Order shall be used by the party(ies) to whom it is produced solely and exclusively for purposes of the above-captioned litigation unless and until such designation is removed either by agreement of the Parties or by order of the Court.

5.    ACCESS TO "ATTORNEYS' EYES ONLY" MATERIALS.

All information designated as "Attorneys' Eyes Only" by a Producing Party shall not be disclosed by anyone other than the Producing Party to anyone other than the Court and its personnel, Counsel, and court reporters and/or videographers in the course of covering depositions. Any experts, consultants, and/or translators retained by Receiving Party's Counsel may receive "Attorneys' Eyes Only" information *provided* they have agreed to this stipulation by executing Exhibit A pursuant to Paragraph 6 below and *provided* that they are not employees or independent contractors of the Receiving Party, nor of any the Receiving Party's subsidiaries or affiliated companies.

"Attorneys' Eyes Only" information subject to this Protective Order shall be used by the Receiving Party solely and exclusively for purposes of the above-captioned litigation unless and

1   until such designation is removed either by agreement of the Parties or by order of the Court.

2       6.      EXPERTS & CONSULTANTS.

3           A.      Persons Covered By This Provision.   The procedure specified under

4   Paragraph 6(B) shall apply to Experts expressly retained by Counsel to assist in the preparation of

5   this litigation for trial, whether or not the Expert is expected to testify at trial or not, as well as any

6   personnel who support such Expert's work under the Expert's direction and supervision, and who

7   are necessary for the completion of that work.  Disclosures to any such support personnel are to be

8   limited to only those disclosures necessary to assist the Expert.

9           B.      Procedure for Designating Experts & Consultants Under the Protective

10  Order.  As a condition precedent to disclosure of any Confidential and/or Attorneys' Eyes Only

11  materials to an individual described in Paragraph 6(A) above, at least ten (10) days (as calculated

12  by Fed. R. Civ. P. 6) before the contemplated disclosure of the Confidential and/or Attorneys' Eyes

13  Only information is to be made, Counsel for the Receiving Party shall serve a Notice on the

14  Producing Party identifying such individual by name and including a *curriculum vitae* ("CV") or

15  equivalent resume disclosing the individual's employment history, past or present relationship with

16  any of the Parties, all consulting engagements in the past four (4) years, all cases in which the

17  individual has testified in a deposition or a trial in the past four (4) years, and an executed

18  acknowledgment from the individual to whom the disclosure is to be made in the form of Exhibit A

19  attached hereto.  If a Producing Party objects to the proposed disclosure to such individual, the

20  Parties shall promptly confer in good faith to resolve the concerns giving rise to the objection.  If

21  the Parties are unable to reach agreement regarding such disclosure, the objecting Party must apply

22  to the Court for a protective order no later than ten (10) days (as calculated by Fed. R. Civ. P. 6)

23  after receipt of the executed acknowledgement in the form attached as Exhibit A and CV or resume.

24  The burden shall be on the objecting Party to demonstrate to the Court why such individual should

25  not be permitted to receive Confidential and/or Attorneys' Eyes Only information under the

26  Protective Order.  Confidential and/or Attorneys' Eyes Only information shall not be disclosed to

27  such individual pending the Court's resolution of the dispute.  The foregoing ten (10) and ten (10)

28  day periods, respectively, may be extended or shortened by agreement of the Parties or by Order of

the Court.

7.     <u>DESIGNATED IN-HOUSE COUNSEL</u>.

As a condition precedent to disclosure of any Confidential materials to a Designated In-House Counsel, at least ten (10) days (as calculated by Fed. R. Civ. P. 6) before the contemplated disclosure of the Confidential information is to be made, Counsel for the Receiving Party shall serve a Notice on the Producing Party identifying such individual by name and title, in addition to providing a description of his/her primary job duties, and including an executed acknowledgment from the individual to whom the disclosure is to be made in the form of Exhibit B attached hereto. If a Producing Party objects to the proposed disclosure to such individual, the Parties shall promptly confer in good faith to resolve the concerns giving rise to the objection. If the Parties are unable to reach agreement regarding such disclosure, the objecting Party must apply to the Court for a protective order no later than ten (10) days (as calculated by Fed. R. Civ. P. 6) after receipt of the executed acknowledgement in the form attached as Exhibit B. The burden shall be on the objecting Party to demonstrate to the Court why such individual should not be permitted to receive Confidential information under the Protective Order. Confidential information shall not be disclosed to such individual pending the Court's resolution of the dispute. The foregoing ten (10) and ten (10) day periods, respectively, may be extended or shortened by agreement of the Parties or by Order of the Court.

8.     <u>STORAGE OF PROTECTED INFORMATION BY RECEIVING PARTY</u>.

The recipient of any Confidential and/or Attorneys' Eyes Only materials provided under this Protective Order (including copies or excerpts made thereof) shall maintain such information in a secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

9.     <u>TREATMENT OF PROTECTED MATERIAL AT DEPOSITIONS IN THIS LITIGATION</u>.

A.     <u>Deposition of the Authors and Recipients of Protected Material</u>. With respect to Documents designated as including "Confidential" or "Attorneys' Eyes Only," any person indicated on the face of the Document to be its originator, author, or recipient may be shown the

Documents.  Additionally, any Document designated as including "Confidential" or "Attorneys' Eyes Only" may be shown to any employee of the Designating Party and/or the party that produced in this litigation the Document so designated during the deposition of that employee if it is reasonably probable that the employee would have access to or knowledge of the information contained in that Document.

        B.    <u>Exclusion of Certain Persons From Protected Deposition Testimony</u>.  Any Party shall have the right to exclude from attendance at a deposition, during such time as the "Confidential" or "Attorneys' Eyes Only" Documents or information is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent and the court reporter and/or videographer.  However, if a document designated "Attorneys' Eyes Only" is produced for the first time during the course of such deposition, the non-designating Party shall be entitled to stay the deposition with respect to the subject Document.

        C.    <u>Procedure for Designating Transcript Sections as Protected Material</u>. Whenever a deposition taken on behalf of any party involves a disclosure of "Confidential" or "Attorneys' Eyes Only" Documents or information of any party, said deposition or portions thereof shall be designated as containing "Confidential" or "Attorneys' Eyes Only" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; *however*, any Party shall have until ten (10) days after receipt of the deposition transcript within which to designate, in writing, those portions of the transcript it wishes to remain designated as "Confidential" or "Attorneys' Eyes Only," and the right to make such designation shall be waived unless made within the ten (10) day period.  During such ten (10) day period, the entirety of the transcript shall be deemed designated "Attorneys' Eyes Only" to preserve the right of any Party to make a designation of "Confidential" or "Attorneys' Eyes Only" during that ten (10) day period.  The foregoing ten (10) day period may be extended or shortened by agreement of the parties or by the Court.

    10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

        If a Party is served with a subpoena or a court order issues in another litigation that compels disclosure of any information or items designated in this action as "Confidential" or

"Attorneys' Eyes Only," that Party must:

Promptly notify the Designating Party in writing.  Such notification shall include a copy of the subpoena or court order;

Promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   <u>PROTECTED MATERIAL OF A NON-PARTY SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>.

A.   <u>Applicability</u>.  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential" or "Attorneys' Eyes Only."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.   <u>Notice Procedure</u>.  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

Promptly notify, in writing, the Requesting Party and the Non-Party that

some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

Make the information requested available for inspection by the Non-Party.

C.   <u>Disclosure and Remedy</u>.  If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the above notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d)

and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14. <u>FINAL DISPOSITION</u>.

A. <u>Upon Termination of this Action</u>. Within sixty (60) days after a final disposition of the action, which shall include entry of final judgment and the exhaustion of all rights of appeal or a dismissal of the action, a Receiving Party shall either return to the Producing Party or destroy all Documents and things or transcripts of depositions, together with all copies thereof, which have been designated "Confidential" or "Attorneys' Eyes Only." Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

B. <u>Continuing Obligations</u>. The termination of proceedings in this action shall not thereafter relieve a person to whom "Confidential" or "Attorneys' Eyes Only" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order for a period of three (3) years, except that the continuing nature of the obligations in this provision shall not apply to the Court or its personnel.

15. <u>LIMITATIONS</u>.

A. <u>Attorneys' Right to Counsel Clients</u>. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's Party-client with respect to this action, and in the course thereof, relying upon an examination of "Confidential" and/or "Attorneys' Eyes Only" Documents or information; *provided*, that in rendering such legal advice and in otherwise communicating with the Party-client, the attorney shall not disclose any "Confidential" or "Attorneys' Eyes Only" Documents or information to anyone not authorized to receive such Documents, things, materials, or information pursuant to the terms of this Protective Order.

B.   <u>Filing Protected Materials</u>.  Any Documents produced in discovery, answers to interrogatories, deposition transcripts, or other Documents that are filed with the Court for any purpose and that incorporate information that is designated "Confidential" or "Attorneys' Eyes Only" shall be filed in compliance with Local Rule 141.

C.   <u>Reservation of Rights</u>.  Nothing in this Protective Order, nor the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action.  Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.  This Order shall not in any way limit what the Producing Party may do with its own Documents or information.

D.   <u>Meet and Confer In Advance of Trial</u>.  Subject to Paragraph 15(B) and the Federal Rules of Evidence, Documents, material, and information designated "Confidential" or "Attorneys' Eyes Only" may be offered in evidence at any pre-trial hearing in the instant action upon one (1) day's written notice of the intention to do so or, if that is not possible, such shorter notice as the circumstances permit.  In the instant Action, any party may move the Court orally or in writing for an order that the evidence be received *in camera* at a hearing or under other conditions to prevent unnecessary disclosure.  The party seeking to use Documents, material, and information designated "Confidential" or "Attorneys' Eyes Only" must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Documents, material, and information.

The parties shall meet and confer concerning the use and protection of Documents, material, and information designated "Confidential" or "Attorneys' Eyes Only" in open court at any pre-trial hearing or trial.

Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Documents, material, and information designated "Confidential" or "Attorneys' Eyes Only" at trial.

16.   <u>MISCELLANEOUS</u>.

A.   <u>Right to Seek Modification</u>.  The Parties may, by written stipulation, provide for exceptions to this Protective Order, and any Party may seek an order of this Court modifying or interpreting this Protective Order.  No stipulation amending this Protective Order will have the force or effect of a Court order absent the Court's written approval of it.

B.   <u>Right to Further Relief</u>.  Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing "Confidential" or "Attorneys' Eyes Only."

C.   <u>Right to Assert Other Objections</u>. By stipulating to entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

1

## STIPULATION

2      IT IS HEREBY STIPULATED by and among the parties, through their undersigned

3  counsel, that the foregoing Stipulated Protective Order may be entered in this action subject to the

4  consent of this Court.

5  DATED:  December 15, 2023            Respectfully submitted,

6                                      **KILPATRICK TOWNSEND & STOCKTON LLP**

7                                      By: */s/ Jon Michaelson*
                                          Jon Michaelson, # 83815
8                                            *jmichaelson@kilpatricktownsend.com*
                                          1302 El Camino Real, Suite 175
9                                         Menlo Park, CA  94025
                                          Telephone: 650.326.2400
10                                        Facsimile:  650.326.2422

11                                        Benjamin M. Kleinman, # 261846
                                            *bkleinman@kilpatricktownsend.com*
12                                        Two Embarcadero Center, Suite 1900
                                          San Francisco, CA 94111
13                                        Telephone: 415.576.0200
                                          Facsimile:  415.576.0300
14
                                        **MCCORMICK, BARSTOW, SHEPPARD,**
15                                      **WAYTE & CARRUTH LLP**
                                          David R. McNamara, # 133302
16                                          *dave.mcnamara@mccormickbarstow.com*
                                          Shane G. Smith, # 272630
17                                          *shane.smith@mccormickbarstow.com*
                                          7647 North Fresno Street
18                                        Fresno, CA  93720
                                          Telephone:  559.433.1300
19                                        Facsimile:  559.433.2300

20                                        Attorneys for Plaintiff and Counterdefendant
                                          DEERPOINT GROUP, INC.

21

22

23

24

25

26

27

28

1

DATED:  December 15, 2023          **DICKINSON WRIGHT PLLC**

2

By: */s/ Donald E. Lake, III*
     DONALD E. LAKE, III (*Pro Hac Vice*)

3

      *TLake@dickinson-wright.com*
     1626 Wazee Street

4

     Denver, CO 80202
     Telephone: 303.723.8400

5

6

     LAEL D. ANDARA, #215416

7

      *LAndara@dickinson-wright.com*
     615 National Avenue, Suite 220
     Mountain View, CA 94043

8

     Telephone: 408.701.6152
     Facsimile: 844.670.6009

9

     Attorneys for Defendant and Counterclaimant

10

     GAR BENNETT LLC

11

12

-oOo-

13

**SIGNATURE ATTESTATION**

14

       I hereby attest that concurrence has been obtained from Donald E. Lake, III, counsel for

15

Defendant GAR BENNETT LLC, as indicated by a "conformed" signature (/s/) within this e-filed

16

document.

17

*/s/ Jon Michaelson*

18

Jon Michaelson

19

20

21

22

23

24

25

26

27

28

19

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [type or print full name] of

_____ [print or type

full address], hereby declare under penalty of perjury that I have read and am fully familiar with the

terms of the Protective Order entered in *Deerpoint Group, Inc. v. Gar Bennett, LLC*, Case No. 1:23-

cv-01340-JLT-BAM, and hereby agree to comply with and be bound by the terms and conditions

of said Order unless and until modified by further Order of the Court.

I acknowledge that I am about to receive Confidential Information and/or Attorneys' Eyes

Only Information in said action, and hereby certify my understanding that such information is being

provided to me pursuant to the terms and restrictions of the Protective Order.  I understand that such

information, and any copies I make of any material containing "Confidential" and/or "Attorneys'

Eyes Only" information, or any notes or other records that may be made regarding any such

information, shall not be disclosed to others, except other persons that are identified in or have

agreed to comply with and be bound by the terms of the Protective Order.  I hereby consent to the

jurisdiction of said Court for purposes of enforcing this Order, even if such enforcement proceedings

occur after termination of this action.

I hereby appoint _____[print or type full name]

of

_____

_____

_____ [print or type full address, telephone number, and email address] as my California

agent for service of process in connection with this action or any proceedings related to enforcement

of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

**EXHIBIT B**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND [DESIGNATED IN-HOUSE COUNSEL]**

I, _____ [type or print full name] of

_____ [print or type

full address], hereby declare under penalty of perjury that I have read and am fully familiar with the

terms of the Protective Order entered in *Deerpoint Group, Inc. v. Gar Bennett, LLC*, Case No. 1:23-

cv-01340-JLT-BAM, and hereby agree to comply with and be bound by the terms and conditions

of said Order unless and until modified by further Order of the Court.

I acknowledge that I am about to receive Confidential Information in said action, and hereby

certify my understanding that such information is being provided to me pursuant to the terms and

restrictions of the Protective Order.  I understand that such information, and any copies I make of

any material containing "Confidential" information, or any notes or other records that may be made

regarding any such information, shall not be disclosed to others, except other persons that are

identified in or have agreed to comply with and be bound by the terms of the Protective Order.  I

hereby consent to the jurisdiction of said Court for purposes of enforcing this Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name]

of

_____

_____

_____ [print or type full address, telephone number, and email address] as my California

agent for service of process in connection with this action or any proceedings related to enforcement

of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

21

## <u>ORDER</u>

Having considered the above stipulation and finding good cause, the Court adopts the stipulated protective order, as modified in Section 9(C) regarding the procedure for designating transcript sections as protected material to clarify the ten-<u>day</u> period for the "Attorneys' Eyes Only" designation.

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   __**December 19, 2023**__        ___/s/ *Barbara A. McAuliffe*___
                                          UNITED STATES MAGISTRATE JUDGE